**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

MAR 20 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RICARDO GUZMAN, <br><br> Plaintiff - Appellant, <br><br> v. <br><br> MERLE SOGGE, Dr.; et al., <br><br> Defendants - Appellees. | No. 14-16177 <br><br> D.C. No. 3:13-cv-05634-JD <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
James Donato, District Judge, Presiding

Submitted March 10, 2015[**]

Before:    FARRIS, WARDLAW, and PAEZ, Circuit Judges.

California state prisoner Ricardo Guzman appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action alleging, among other

things, deliberate indifference to a serious medical need.   We have jurisdiction

under 28 U.S.C. § 1291.   We review de novo the district court's dismissal under

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.   *See* Fed. R. App. P. 34(a)(2).

28 U.S.C. § 1915A. *Hamilton v. Brown*, 630 F.3d 889, 892 (9th Cir. 2011). We affirm.

The district court properly dismissed Guzman's claim because Guzman failed to allege facts sufficient to show that defendants acted with deliberate indifference in performing his liver biopsy and treating his post-biopsy pain and injury. *See Toguchi v. Chung*, 391 F.3d 1051, 1057-58 (9th Cir. 2004) (a prison official acts with deliberate indifference only if the prison official knows of and disregards an excessive risk to the prisoner's health; medical malpractice, negligence, or a mere difference of opinion concerning the course of treatment is insufficient); *see also Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are liberally construed, a plaintiff must allege facts sufficient to state a plausible claim).

The district court did not abuse its discretion by denying leave to amend after providing one opportunity to amend and concluding that further amendment would be futile. *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (setting forth standard of review and explaining that leave to amend should be given unless the deficiencies in the complaint cannot be cured by amendment); *see also Ferdik v. Bonzelet,* 963 F.2d 1258, 1261 (9th Cir. 1992) (the district

2                                                                                    14-16177

court's discretion to deny leave to amend is particularly broad where it has afforded plaintiff one or more opportunities to amend).

**AFFIRMED.**